IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

**CLACKAMAS COUNTY**,

    Plaintiff,

v.

**AIRBNB, INC.**, *et al.*,

    Defendants.

Case No. 3:17-cv-1611-PK

**ORDER**

**Michael H. Simon, District Judge.**

United States Magistrate Judge Paul Papak issued Findings and Recommendation in this case on April 25, 2018. ECF 30. Judge Papak recommended that Defendants' Joint Motion to Dismiss be granted with prejudice and that Plaintiff's Motion to Strike be denied.

Under the Federal Magistrates Act ("Act"), the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). If a party files objections to a magistrate judge's findings and recommendations, "the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.*; Fed. R. Civ. P. 72(b)(3).

For those portions of a magistrate judge's findings and recommendations to which neither party has objected, the Act does not prescribe any standard of review. *See Thomas v. Arn*, 474

U.S. 140, 152 (1985) ("There is no indication that Congress, in enacting [the Act], intended to require a district judge to review a magistrate's report to which no objections are filed."); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) (holding that the court must review *de novo* magistrate judge's findings and recommendations if objection is made, "but not otherwise"). Although in the absence of objections no review is required, the Act "does not preclude further review by the district judge[] *sua sponte* . . . under a *de novo* or any other standard." *Thomas*, 474 U.S. at 154. Indeed, the Advisory Committee Notes to Fed. R. Civ. P. 72(b) recommend that "[w]hen no timely objection is filed," the Court review the magistrate judge's recommendations for "clear error on the face of the record."

Plaintiff timely filed an objection (ECF 35), to which Defendants responded. ECF 36. Plaintiff objects to the portions of Judge Papak's recommendation finding that: (A) the Tax Injunction Act ("TIA") does not remove the Court's jurisdiction over this case; (B) comity does not warrant remanding this case to state court; (C) Defendants have standing to challenge § 8.02.070 of the Clackamas County Code ("CCC"); and (D) the enactment of CCC § 8.02.070 violated Oregon Revised Statute ("ORS") § 203.055. The Court reviews *de novo* the portions of Judge Papak's Findings and Recommendation to which Plaintiff has objected.

The Court notes that no party has objected to, and the Court finds no clear error with, the Legal Standards and Material Facts sections of the Findings and Recommendation. Accordingly, the Court adopts those portions of the Findings and Recommendation.

## A. The Court's Jurisdiction

Plaintiff argues that the Court does not have jurisdiction over this case under the TIA. The TIA "does not bar collection suits [in the district court], nor does it prevent taxpayers from urging defenses in such suits that the tax for which collection is sought is invalid." *Jefferson Cty., Alabama v. Acker*, 527 U.S. 423, 435 (1999). Plaintiff argues, however, that although

PAGE 2 – ORDER

Plaintiff seeks to collect taxes in the future, the TIA bars jurisdiction in this case because Plaintiff did not seek to collect taxes in this particular action. Plaintiff cites to *Orange Cty. v. Expedia, Inc.*, which held that "[m]erely because the end goal of the Plaintiffs will be a collection of taxes in a future suit against Defendants does not mean that this *particular* suit is a collection action." 440 F. Supp. 2d 1341, 1344 (M.D. Fla. 2006) (emphasis in original) (holding that the TIA barred jurisdiction when a tax collector brought an action seeking declaratory judgment regarding the application of a tax to the defendants). Thus, Plaintiff argues, the Court should reject the finding that the TIA does not bar jurisdiction merely because Plaintiff's goal is for Defendants collect and remit taxes in the future.

Plaintiff filed its complaint in state court, alleging that CCC Chapter 8.02 creates a County transient lodging tax of six percent, this tax is to be charged by the operator or intermediary of transient or short-term rentals, such operators or intermediaries must register with the County, Defendants are such operators, Defendants have failed to register, and Defendants have failed to collect the six percent tax or pay it to the County. For its remedy, Plaintiff requests a declaration that: (1) each Defendant is subject to the registration requirements of CCC § 8.02.070; (2) each Defendant has failed to register as required; (3) each Defendant is required to register or cease all intermediary business activity; and (4) each Defendant is assessed a penalty of $2,000 or $500 per day until registered and in compliance with CCC Chapter 8.02. Plaintiff also requests its costs and prevailing party fees. Defendants then removed the case to this Court.

Under the circumstances of this case, the Court finds *Orange County* to be both distinguishable and unpersuasive. First, *Orange County* is distinguishable because the plaintiff in *Orange County* sought a declaration clarifying that it had the authority to seek the taxes it was

ultimately going to request. That is not the case here. Clackamas County is not requesting a declaration that it has the authority to seek the six percent transient tax. Instead, Clackamas County's allegations demonstrate that it presumes its authority to collect that tax.

Second, the reasoning of *Orange County* is brief, conclusory, and inconsistent with the reasoning of *Jefferson County*. In *Jefferson County*, the Supreme Court determined that the TIA was not intended "to prohibit taxpayers from *defending* suits brought by a government to obtain a collection of tax" because "a suit to collect a tax is surely not brought to restrain state action." 527 U.S. at 433-35 (emphasis added). The Supreme Court in *Jefferson County* noted that the TIA was "shaped by state and federal provisions barring anticipatory actions by taxpayers to stop the tax collector from initiating collection proceedings." *Id.* at 435. This case is not an anticipatory action by a taxpayer to stop the tax collector from initiating a collection proceeding—it is a case brought by Clackamas County to obtain declaratory relief and impose fines and penalties. Further, the discussion in *Jefferson County* supports a finding that there is no meaningful difference between a suit brought by a tax collector to collect taxes and a suit brought by a tax collector to impose fines, penalties, or other obligations, because neither suit is brought to restrain state action.

The Court also notes that *Orange County* appears to be the only post-*Jefferson County* case to hold that the TIA bars jurisdiction over a case initiated by a taxing authority. Moreover, the Eighth Circuit has criticized *Orange County*, noting that the court failed to "analyz[e] the text of [the TIA], its purpose, or its legislative history." *City of Jefferson City, Mo. v. Cingular Wireless, LLC*, 531 F.3d 595, 604 (8th Cir. 2008).

The Court rejects Plaintiff's other arguments in support of the proposition that the TIA strips this Court of jurisdiction to adjudicate Plaintiff's claims. Accordingly, the Court adopts the

portion of the Findings and Recommendation relating to the TIA and concluding that it does not bar the Court's jurisdiction to adjudicate Plaintiff's claims.[1]

## B. Comity

Plaintiff argues that the Court should abstain from hearing this case based on the principle of comity. Plaintiff cites *Levin v. Commerce Energy, Inc.*, 560 U.S. 413 (2010), and *Fredrickson v. Starbucks Corp.*, 840 F.3d 1119, 1126 (9th Cir. 2016), both of which remanded cases involving state tax law to state courts. The courts in those cases, however, remanded the cases only because the issues of state tax law were complicated, and state courts were better equipped to handle those issues. *See Levin*, 560 U.S. at 431 (noting that cases need not be remanded if "state courts would have no greater leeway than federal courts to cure the alleged violation"); *Fredrickson*, 840 F.3d at 1125 (noting that state courts were better able to handle the issues in the case that related to "nuances of state tax law"). By contrast, this case does not require an analysis of complicated state tax law. The only state law at issue is ORS § 203.055(1), which simply requires voter approval before any ordinance imposing taxation can take effect. Accordingly, the Court adopts the portion of the Findings and Recommendation relating to the principle of comity and concluding that it does not warrant remanding the case to state court.

## C. Defendants' Standing To Challenge CCC § 8.02.070

Plaintiff argues that Defendants do not have standing to challenge CCC § 8.02.070 because they have not suffered an injury in fact. *See Spokeo, Inc. v. Robins*, 136 S.Ct. 1540, 1547 (2016). Plaintiff argues that the cases relied on in the Findings and Recommendation involved plaintiff tax-collectors seeking to impose taxes on the defendants, whereas here Plaintiffs do not request any taxes from Defendants.

---

[1] The Court does not adopt the portion of the Findings and Recommendation that cites to *Orange County* in support of that conclusion.

Although it does not appear that the ordinance will require Defendants directly to pay taxes, the ordinance at a minimum will cause Defendants to suffer other injuries. As Judge Papak noted, "the potential fine of $500 per day . . . is sufficient by itself to be a concrete and imminent injury establishing that Defendants have standing." Thus, the Court adopts the portion of the Findings and Recommendation relating to standing.

## D. Violation of ORS § 203.055

The Court has reviewed *de novo* the portion of the Findings and Recommendation relating to the validity of the enactment of CCC § 8.02.070 and whether it violated ORS § 203.055. The Court adopts this portion of the Findings and Recommendation.

## CONCLUSION

The Findings and Recommendation (ECF 30) is ADOPTED, except as noted herein, and as supplemented in this Order. Defendants' Joint Motion to Dismiss (ECF 14) is GRANTED and this case is dismissed with prejudice. Plaintiff's Motion to Strike (ECF 19) is DENIED.

**IT IS SO ORDERED.**

DATED this 3rd day of August, 2018.

*/s/ Michael H. Simon*
Michael H. Simon
United States District Judge